IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Paul Anthony Thomas Jr., #288094,<br><br>Plaintiff,<br><br>vs.<br><br>The State of South Carolina;<br>S.C. Dept. Of Corrections;<br>S.C. Dept. Of Probation, Parole and Pardon Services;<br>John Benjamen Aplin;<br>Robert M. Stevenson, III, Warden;<br>Henry Dargan McMaster, Attorney General,<br><br>Defendants. | ) | C/A No. 0:08-3039-RBH-PJG<br><br><br><br>**REPORT AND RECOMMENDATION** |

This civil rights matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. The Plaintiff, a state prisoner proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff was confined at the Broad River Correctional Institution, part of the South Carolina Department of Corrections (SCDC) prison system. He was/is serving a one-year sentence on a "Community Supervision Program (CSP)" violation. In his Amended Complaint, Plaintiff claims that he is being illegally and unconstitutionally confined beyond the original sentence that he received in connection with the conviction that resulted in his being placed in the CSP program. In his request for relief, he asks the court to determine that he is being illegally held and to release him from

[1]Pursuant to 28 U.S.C. § 636(b)(1), and Local Civil Rule 73.02(B)(2)(e) DSC, this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the assigned United States District Judge. See 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

 PJG

prison. Additionally, he seeks compensatory damages for the extra prison time he alleges he has had to endure following the CSP violation conviction.

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, 110 Stat. 1321, 1366-1377 (as amended), and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Corrections, 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Erickson v. Pardus, _ U.S. _, 127 S. Ct. 2197 (2007); Hughes v. Rowe, 449 U.S. 5, 9-10 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Fine v. City of N. Y., 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990).

Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B). Through the use of the Court-approved prisoner complaint form and by a request for damages for alleged unconstitutional confinement, Plaintiff's claims appear to be raised before this Court

pursuant to 42 U.S.C § 1983.[2] However, the crux of Plaintiff's Amended Complaint is a challenge to his CSP sentence, with the desire that he be released from prison. The damages request is incidental to the main request—a release from prison—because the Court would be required to overturn his CSP conviction and sentence were it to award the requested damages to Plaintiff. As a result, this case is subject to summary dismissal for failure to state a claim upon which relief may be granted.

Plaintiff's claim for damages based on his allegations of illegal confinement is not cognizable before this Court because there is no indication in the Complaint that Plaintiff had his CSP violation conviction overturned through a direct appeal, state post-conviction relief application, or habeas corpus proceeding or otherwise. Heck v. Humphrey, 512 U.S. 477 (1997). With respect to actions filed pursuant to 42 U.S.C. § 1983 such as the present one alleging constitutional violations and/or other improprieties in connection with state criminal charges, the Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily

---

[2]Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. Jennings v. Davis, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. McKnight v. Rees, 88 F.3d 417(6th Cir. 1996) (emphasis added).

 PJG

> imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck, 512 U.S. at 486-87. Thus, the United States Supreme Court has ruled that until a criminal conviction is set aside by way of appeal, PCR, habeas, or otherwise, any civil rights action based on the conviction and related matters will be barred. Since Plaintiff has not been successful in having his CSP violation conviction set aside by way of appeal, PCR, habeas corpus, or otherwise before he filed this case, and because Plaintiff's allegations of excessive, illegal sentence, if true, would necessarily invalidate his conviction, he cannot sue any of the Defendants because of their involvement in his prosecution, conviction, and/or ultimate imprisonment. See Johnson v. Freeburn, 29 F. Supp.2d 764, 772 (S.D. Mich. 1998) (under Heck v. Humphrey, nature of relief sought is not critical question; rather, it is the grounds for relief); see also Clemente v. Allen, 120 F.3d 703 (7th Cir. 1997) (injunctive relief sought). As a result, to the extent that the Amended Complaint seeks damages, this case is subject to summary dismissal as to all Defendants without issuance of service of process.

Moreover, to the extent that the Amended Complaint requests this court to direct that he be released from prison, this case is also subject to summary dismissal. Plaintiff's request for a shorter prison term cannot be granted by this Court in a civil case filed under § 1983. Rather, the plaintiff must file a petition for writ of habeas corpus under 28 U.S.C. § 2254 to seek release.[3] Although § 1983 does provide access to a federal forum for

---

[3] Under § 2254, a district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

claims of unconstitutional treatment at the hands of state officials, the United States Supreme Court has held that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." Heck, 512 U.S. at 481 ("Release from prison is not a remedy available under 42 U.S.C. § 1983.") (citing Preiser v. Rodriguez, 411 U.S. 475 (1973)). Also, claims seeking "a quantum change in the level of custody," including "freedom subject to the limited reporting and financial constraints of bond or parole or probation," are properly considered in habeas corpus. Graham v. Broglin, 922 F.2d 379, 381 (7th Cir. 1991).

**RECOMMENDATION**

Accordingly, the court recommends that the Complaint in this case be dismissed without prejudice and without issuance and service of process. See Denton v. Hernandez, 504 U.S. 25; Neitzke v. Williams, 490 U.S. 319; Haines v. Kerner, 404 U.S. 519; Brown v. Briscoe, 998 F.2d 201, 202-04 (4th Cir. 1993); Boyce v. Alizaduh, 595 F.2d 948; Todd v. Baskerville, 712 F.2d at 74; see also 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

January 6, 2009
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).